**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ELIZABETH ANNE HATLEY,

        Plaintiff,

v.                                                                        Case No. 6:20-cv-1881-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

# OPINION AND ORDER[2]

## I.   Status

Elizabeth Anne Hatley ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "Spinal Stenosis," "Degenerative Disc Disease," "Osteoarthritis of cervi[c]al spine and lumbar spine," "Rheumatoid arthritis," "Depression," "Fibromyalgia," "Anemia," "Myofascial pain syndrome," "Peripheral

---

[1]     Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed June 16, 2021; Reference Order (Doc. No. 19), entered June 21, 2021.

neuropathy," "Bilateral facet arthropathy," "obesity," "chronic fatigue syndrome," "IBS," "auto immune disease," "endometriosis," "ocular migraines," "PMJ," "arphalija, [sic]" "iron insufficiency," "leukocytosis," "scoliosis," "mild facet," "asthma," "back pain," and "vitamin d insufficiency." Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed June 16, 2021, at 88-89, 105, 249. Plaintiff filed an application for DIB on January 27, 2017, alleging a disability onset date of February 17, 2016.[3] Tr. at 194-200. The application was denied initially, Tr. at 88-102, 103, 122, 123-25, and upon reconsideration, Tr. at 104-19, 120, 129, 130-35.

On November 15, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who appeared with a non-attorney disability representative, and a vocational expert ("VE"). See Tr. at 49-87, 126-27. Plaintiff was forty-seven years old at the time of the hearing. Tr. at 61. On January 14, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 32-42.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional evidence in the form of a representative statement and additional medical records. See Tr. at 5-6 (Appeals Council exhibit list and

---

[3] Although actually filed on January 30, 2017, see Tr. at 194, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as January 27, 2017, see, e.g., Tr. at 88, 105.

order), 191-93 (request for review, including representative statement), 15-28 (medical records). On August 25, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On October 12, 2020, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence because the ALJ afforded "great weight" to "opinions of non-examining state agency medical consultants whose opinions were issued more than a year before [] Plaintiff underwent additional medical treatments"; and 2) the Appeals Council erred in denying review after "Plaintiff submitted additional medical treatment evidence from a time period after the date of the ALJ's [D]ecision." Joint Memorandum (Doc. No. 22; "Joint Memo"), filed November 8, 2021, at 22, 34 (some emphasis omitted). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 34-42. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since February 17, 2016, the alleged onset date." Tr. at 34 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: spinal disorders with radiculopathy,

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

dysfunction of major joints, diffuse diseases of connective tissue/lyme disease, osteoarthritis, inflammatory arthritis/fibromyalgia, and obesity." Tr. at 35 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 36 (emphasis and citation omitted).

> The ALJ determined Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b). She can lift and/or carry 20 pounds occasionally, 10 pounds frequently. She can stand and/or walk, with normal breaks, for a total of 6 hours per 8-hour workday, and can sit, with normal breaks, for a total of 6 hours per 8-hour workday. She [c]an occasionally push/pull with bilateral lower extremities. In terms of postural limitations, she can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, stoop, crouch, kneel, or crawl; and can constantly balance. In terms of environmental limitations, she must avoid more than occasional exposure to hazards, such as unprotected heights and uneven terrain, vibrations, and extreme cold. Lastly, she would need to alternate from sitting to standing, every 30 minutes, provided she remains at the workstation and on task.

Tr. at 36 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as "a combination job consisting of respiratory therapist . . . dental and medical equipment . . . [and] office manager," as well as jobs of "public health coordinator" and "respiratory therapist." Tr. at 40 (some emphasis and citation omitted). At the fifth and final

step of the sequential inquiry, after considering Plaintiff's age ("43 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, Tr. at 40, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "office helper," "marker, retail," and "garment sorter." Tr. at 41 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from February 17, 2016, through the date of th[e D]ecision." Tr. at 42 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted, Plaintiff challenges the ALJ's assignment of "great weight" to opinions of state-agency medical consultants that were rendered early in the administrative process, and the Appeals Council's decision to deny review in light of additional medical evidence. Joint Memo at 22, 34. The issues are addressed in turn.

**A. ALJ's Assignment of Great Weight to State-Agency Consultants' Opinions**

Plaintiff contends the ALJ erred in assigning "great weight" to the opinions of non-examining state agency consultants. Joint Memo at 22. Specifically, Plaintiff argues that the opinions were rendered early in the administrative process, prior to Plaintiff undergoing certain procedures, and

therefore the physicians who rendered the opinions had an incomplete record to review. Id. at 22-26. Responding, Defendant asserts the ALJ did not err in evaluating the opinions because the ALJ assigned "an even more restrictive RFC" than those assigned by the state-agency consultants. Id. at 26. Defendant also argues the ALJ's Decision makes clear she reviewed the medical evidence of record in making the RFC determination, and the RFC is supported by substantial evidence. Id. at 27-33.

"Medical opinions[5] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists,

---

[5] On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her claim before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claim was filed.

licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[6]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5);

---

[6] For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

Here, the ALJ in assessing the opinion evidence (related to Plaintiff's physical impairments) assigned "great weight" to the opinions of non-examining state agency physicians Shakra Junejo, M.D. and James Christensen, M.D. that

were rendered at the initial and reconsideration levels, respectively. Tr. at 39; see Tr. at 98-100 (Dr. Junejo's opinion), 115-17 (Dr. Christensen's opinion). These physicians opined generally that Plaintiff is capable of performing the requirements of light work. See Tr. at 98-100, 115-17. In spite of assigning the opinions "great weight," the ALJ determined that "the medical evidence of record supported more severe physical impairments, as discussed elsewhere in th[e D]ecision, that warranted a more restrictive [RFC]." Tr. at 39. The RFC ultimately assigned by the ALJ was indeed more restrictive than the opinions. Tr. at 36.

In arguing error on the part of the ALJ, Plaintiff relies in part on Brightmon v. Soc. Sec. Admin, Comm'r, 743 F. App'x 347, 352-54 (11th Cir. 2018). In Brightmon, the ALJ assigned "great weight" to an early opinion of a state-agency consultant and adopted the consultant's opinion as the RFC. See id. The United States Court of Appeals for the Eleventh Circuit found error because the opinion was rendered early in the process, prior to the "much more developed" medical record, id. at 352, and because the medical record on the whole supported greater restrictions, see id. at 352-54. Here, unlike in Brightmon, the ALJ's Decision makes clear that she appropriately considered medical evidence post-dating the physicians' opinions and assigned a more

restrictive RFC as a result.[7] See Tr. at 36-39. The ALJ did not err in assigning "great weight" to the opinions of Dr. Junejo and Dr. Christensen, and the ALJ's ultimate RFC determination is supported by substantial evidence.

## B. Appeals Council's Denial of Review

Plaintiff challenges the Appeals Council's decision to deny review despite the new evidence presented to it, contending the evidence was "relevant to the time period" adjudicated by the ALJ. Joint Memo at 34-35. Plaintiff also argues the evidence "strongly suggests that [Plaintiff] was, in fact, not doing well from surgery and was still experiencing pain and functional limitations." Id. at 35. Responding, Defendant argues the evidence is not chronologically relevant, not material, and does not carry a reasonable probability of changing the administrative result. Id. at 36-38.

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with

---

[7] Plaintiff concedes "there are no treating physician opinions in the record" and does not argue any point of error on the part of the ALJ for failing to obtain those or an examining opinion. Joint Memo at 24. The undersigned's independent review of the administrative transcript reveals that there are arguably other opinions from treating physicians that qualify as "medical opinions" under the Regulations even though they were not rendered for the specific purpose of opining about the type of work Plaintiff can perform. See, e.g., Tr. at 918-23 ("Ambulatory Consultation" notes documenting various musculoskeletal and range of motion findings). Again, Plaintiff does not assert any error on the part of the ALJ regarding these arguable opinions, instead assuming they do not exist. Given the concession of the point and because the medical evidence on the whole supports the ALJ's RFC finding, the undersigned does not find reversible error in this regard.

evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Evidence may be chronologically relevant even if it post-dates the ALJ's decision. See Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1322 (11th Cir. 2015). In Washington, for instance, the Eleventh Circuit held that an examining psychologist's opinions were chronologically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period); and because there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." Id.

In Stone v. Soc. Sec. Admin., 658 F. App'x 551, 553 (11th Cir. 2016), on the other hand, the Court found that newly submitted medical records were not chronologically relevant. In doing so, the Court observed that the circumstances were "significantly different" from those in Washington because the new records

in Stone "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision. Id. at 554.

Similarly, in Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309-10 (11th Cir. 2018), the Court found that progress notes post-dating the ALJ's decision did "not relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from Washington." Hargress, 883 F.3d at 1309-10. Further, the Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), "nothing in the form [completed by the physician] or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion," and the physician "did not treat [the claimant] in 2013." Id. at 1310.

Although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d

1317, 1320 (11th Cir. 2015). "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r, Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

Here, in seeking review of the ALJ's Decision, Plaintiff submitted an Emergency Room Record dated February 26, 2020, Tr. at 15-18, and mental health treatment notes dated January 28, 2020, Tr. at 19-22, and February 7, 2020, Tr. at 23-28. The Appeals Council recognized that Plaintiff submitted the additional medical evidence but found that it "does not relate to the period at issue" and therefore "does not affect the [D]ecision about whether [Plaintiff was] disabled beginning on or before January 14, 2020." Tr. at 2.

Even assuming the evidence was chronologically relevant, the undersigned finds that it does not carry a reasonable possibility of changing the administrative result. The records essentially document similar issues that were alleged all along and that the ALJ considered. Accordingly, the Appeals Council did not err in denying review and the ultimate denial of benefits was not erroneous.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence, and the Appeals Council did not err in denying review. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on May 23, 2022.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record